**Filed 01/23/26**

VERMONT SUPERIOR COURT
Bennington Unit
207 South St
Bennington VT  05201
802-447-2700
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-01280

| Jeffrey Rivard v. State of Vermont et al. |
|---|

## ENTRY REGARDING MOTION

Title:        Motion to Amend Judgment or Alter PURSUANT TO V.R.C.P. 59(e) (Motion: 37)
Filer:        Jeffrey M Rivard
Filed Date:   January 10, 2026

Plaintiff, Jeffrey Rivard, seeks to amend the judgment issued on his motion to seal the record.  For the reasons below, the court finds that *Plaintiff's Motion to Alter or Amend Judgment Pursuant to V.R.C.P. 59(e)* (Motion 37) is noncompliant and will be deemed withdrawn if Mr. Rivard does not supplement the motion within ten days of this order in accordance with the instructions below.

All pleadings after the initial complaint, including all motions in a case, must be served on the parties to the case.  V.R.C.P. 5(a).  All documents which have been served must be filed with a certificate of service.  V.R.C.P. 5(h).  The certificate of service must contain:

> (2) Contents. The certificate must:
>> (A) certify that the document has been served upon every other party to the case;
>> (B) state the manner of service (mail, personal delivery, or other service authorized by this rule);
>> (C) state the name and address of each person or entity served; and
>> (D) state the date of the mailing or other means of delivery.

V.R.C.P. 5(h)(2).  When a self-represented party files a certificate of service, the certificate must be signed by the self-represented party.  V.R.C.P. 5(h)(1).  Signing the certificate of service indicates that the self-represented party certifies the filing is subject to the obligations of Rule 11. *Id.*

The obligations of Rule 11 on all parties before the court are:

> (b) Representations to Court.  By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other document, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support, or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

V.R.C.P. 11(b). A party who violates the Rule 11 obligations may face sanctions. V.R.C.P. 11(c). Properly initiated sanctions are determined within the discretion of the court. *Id.*; *Fox v. Fox*, 2022 VT 27, ¶ 33, 216 Vt. 460.

If a pleading with the court, such as a motion, does not contain a certificate of service, the court may issue an order deeming the pleading withdrawn if the pleading is not supplemented with a certificate of service within a certain time frame. V.R.C.P. 5(h)(3)(C).

The court finds Mr. Rivard has failed to include a certificate of service in previous filings, been ordered to comply with the service requirements, and has supplemented his filings with certificates of service. The current motion is a pleading subject to Rule 5. The current motion does not contain a certificate of service as required by Rule 5(h). The court finds the motion noncompliant with the certificate of service requirement. Due to the noncompliance, unless Mr. Rivard files a certificate of service for his current motion within ten (10) days of this order, the court will deem the order withdrawn. This order is also notice to Mr. Rivard that repeated failure to file certificates of service could bring his filings in this docket beyond individual Rule 5 noncompliance orders into a pattern of behavior governed by Rule 11.

## Order

Plaintiff will supplement Motion 37 with a certificate of service within 10 days of this order. If Plaintiff does not supplement the motion with a certificate of service within 10 days, Motion 37 will be deemed to have been withdrawn.

**Signed electronically January 22, 2026 pursuant to V.R.E.F 9(d).**

_____
**David Barra**
**Superior Court Judge**